UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HEIDI LYNETTE STEVENS,<br><br>        Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>        Defendant. | No. 1:19-cv-00428-NONE-SAB<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S SOCIAL SECURITY APPEAL<br><br>(Doc. Nos. 25, 26) |

Plaintiff Heidi Lynette Stevens filed this action seeking judicial review of a final decision of the Commissioner of Social Security denying her application for disability benefits pursuant to the Social Security Act.  (*See* Doc. No. 1.)  Plaintiff's application for benefits was based on various conditions and diseases with which she has been diagnosed, including bradycardia, coronary artery disease, atherosclerotic heart disease, moderately severe chronic obstructive pulmonary disease, cervical spondylosis, arthritis of the knees, liver disease, peripheral neuropathy, diabetes mellitus II, posttraumatic stress disorder, attention deficit hyperactivity disorder, bipolar disorder, borderline personality disorder, depression, and anxiety.  (Doc. No. 18 at 6.)  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

/////

1          Plaintiff's application for disability benefits was denied on July 28, 2015, and again on
2  reconsideration on December 4, 2015.  (Doc. No. 25 at 2.)  After seeking and receiving a hearing
3  before an administrative law judge ("ALJ") on November 29, 2017, the ALJ found that plaintiff
4  was not disabled.  (*Id*.)  On January 28, 2019, plaintiff's request for review of the ALJ's March
5  29, 2018 decision by the Appeals Council also was denied.  (*Id*.)  Plaintiff then commenced this
6  action on April 3, 2019.  (*Id*.)

7          Plaintiff raises six arguments in asking the court to remand her case for payment of
8  benefits or further administrative proceedings.  Plaintiff argues the ALJ:  1) failed to give legally
9  adequate reasons for rejecting the opinion of her treating cardiologist; 2) failed to base assessment
10 of plaintiff's limitations caused by her cardiac impairment on substantial evidence;
11 3) failed to fully and fairly develop the record; 4) failed to give legally adequate reasons for
12 rejecting the opinion of her treating psychiatrist; 5) erred by not giving specific and legitimate
13 reasons for rejecting plaintiff's testimony; and 6) failed to give reasons germane to plaintiff's
14 daughter and mother for rejecting their statements.  (Doc. No. 18 at 22.)

15         On August 26, 2020, the assigned magistrate judge issued findings and recommendations
16 recommending that plaintiff's appeal be denied.  (*See* Doc. No. 25.)   The magistrate judge found:
17 that substantial evidence supported the weight given by the ALJ to the opinion of plaintiff's
18 treating cardiologist, as well as the ALJ's assessment of other evidence related to plaintiff's
19 cardiac impairment; that substantial evidence supported the ALJ's determination of  plaintiff's
20 residual functional capacity, including the weight given to the opinion of plaintiff's treating
21 psychiatrist; that the ALJ did not err in not developing the record further; and that the ALJ
22 properly considered the lay witness evidence, including testimony from plaintiff, her sister, and
23 her daughter.  (Doc. No. 25 at 17–25, 27–28, 31–39.)  Regarding the ALJ's consideration of lay
24 witness evidence from plaintiff's sister and daughter, the magistrate judge agreed with plaintiff
25 that lack of evidence of medical training was "not a convincing reason to reject a lay witness's
26 testimony"; however the magistrate judge found that " '[i]nconsistency with medical evidence' is
27 a germane reason for discounting lay witness testimony," and that the ALJ's reliance on the
28 inconsistency of that testimony with the medical evidence was not error.  (*Id*. at 39.)

The findings and recommendations were served on all parties and contained notice that objections thereto were due within fourteen (14) days.  (*Id.* at 40.)  Objections were thus due on September 9, 2020.  On September 10, 2020, plaintiff untimely filed her objections.  (Doc. No. 26.)

In her objections, plaintiff reiterates that the ALJ failed to give legally adequate reasons for rejecting the opinion of plaintiff's treating cardiologist, arguing that the findings and recommendations "do not squarely address [p]laintiff's arguments as to the insubstantiality of the evidence relied upon by the ALJ."  (Doc. No. 24 at 4.)  Specifically, plaintiff contends (in part through reference to and incorporation of her opening and reply briefs) that a state agency physician's opinion may not constitute substantial evidence unless the state agency physician reviewed more evidence than the treating physician; and that the ALJ's alleged "lay interpretation" of certain evidence "constitutes insubstantial evidence."  (*Id.*)

Plaintiff's reiterated arguments are unpersuasive.  In her objections, plaintiff cites to her reply brief, which in turn cites Social Security Ruling 96-6p, in support of her contention that a state agency physician's opinion may not constitute substantial evidence unless that physician reviewed more evidence than the treating physician.  (Doc. Nos. 26 at 4; 24 at 2.)  First, Social Security Rulings "do not have the force of law," though courts defer to the Rulings "unless they are plainly erroneous or inconsistent with the [Social Security] Act or regulations."  *Quang Van Han v. Bowen*, 882 F.2d 1453, 1457 (9th Cir. 1989).  Second, plaintiff's characterization of the content of Social Security Ruling 96-6p is incorrect at best, and misleading at worst.  (*See* Social Security Ruling 96-6p, *available at* https://www.ssa.gov/OP_Home/rulings/di/01/SSR96-06-di-01.html.)  Third, Social Security Ruling 96-6p was rescinded and replaced on March 27, 2017.  (*Id.*)  The Ruling that replaced it has substantially different language.  (*See* Social Security Ruling 17-2p, available at https://www.ssa.gov/OP_Home/rulings/di/01/SSR2017-02-di-01.html.)

Further, the magistrate judge ably outlined why plaintiff's argument is unpersuasive with respect to the ALJ's alleged lay interpretation of evidence.  (Doc. No. 25 at 20 n.4.)  In her objections, however, plaintiff states that the findings and recommendations "do not indicate why [p]laintiff's understanding of the law is incorrect."  (Doc. No. 26 at 4.)  Plaintiff's position

appears to rest on a single opinion from the First Circuit, *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999),[1] cited in her objections by reference to her opening brief.  (Doc. Nos. 26 at 4; 18 at 22–23.)  The findings and recommendations do not address directly plaintiff's reliance on *Nguyen*, so the court does so here.

    *Nguyen* is not controlling authority in the Ninth Circuit, but more importantly, the facts of that case also are clearly distinguishable from this one.  In *Nguyen*, the ALJ "ignore[d] medical evidence" and "substitute[d] his own views for uncontroverted medical opinion."  172 F.3d at 35.  Here, the ALJ has neither ignored the medical evidence of record nor substituted her own judgment for uncontroverted medical opinion.  The magistrate judge laid out both the medical evidence and the controverted medical opinion in the pending findings and recommendations.  (*See* Doc. No. 25 at 20 n.4.)

    In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(B) and Local Rule 304, this court has conducted a *de novo* review of this case.  Having carefully reviewed the entire file, including consideration of the untimely filed objections, the court finds the findings and recommendations to be supported by the record and proper analysis.

    Accordingly:

1. The findings and recommendations issued on August 26, 2020 (Doc. No. 25) are adopted in full;
2. Plaintiff's appeal of the decision of the Commissioner of Social Security is denied; and

/////
/////
/////
/////
/////
/////

---

[1] Plaintiff cites to *Nguyen v. Chater*, 172 F.3d 31, 36 (1st Cir. 1999); however, the language she quotes appears a page earlier in that opinion.

3. The Clerk of Court is directed to assign a district judge to this case for the purposes of closure, enter judgment in favor of defendant Commissioner of Social Security and against plaintiff Heidi Lynette Stevens, and to close this case.

IT IS SO ORDERED.

Dated: __**October 7, 2020**__      /s/ Dale A. Drozd

UNITED STATES DISTRICT JUDGE